1  JACOB M. HARPER (State Bar No. 259463)
     jacobharper@dwt.com
2  HEATHER F. CANNER (State Bar No. 292837)
     heathercanner@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   350 South Grand Avenue, 27th Floor
4  Los Angeles, California 90071
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorneys for Defendant
   FULLBEAUTY BRANDS OPERATIONS, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BROOMES, MARY UHT, BARBARA FITCH, and JESSICA HILLIS, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company,<br><br>Defendant. | Case No.   3:25-cv-2697<br><br>**DEFENDANT FULLBEAUTY BRANDS OPERATIONS, LLC'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Alameda, No. 25-CV-110676]<br><br>State Action Filed:   February 11, 2025<br>Action Removed:   March 20, 2025 |

FULLBEAUTY'S NOTICE OF REMOVAL

**TO THE CLERK AND TO PLAINTIFF AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant FullBeauty Brands Operations, LLC (FullBeauty) hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

### State Court Action

1. On February 11, 2025, Plaintiffs Amanda Broomes, Mary Uht, Barbara Fitch, and Jessica Hillis (Plaintiffs) commenced this action in the Superior Court of the State of California, County of Alameda, captioned *Broomes v. FullBeauty Brands Operations, LLC,* Case No. 25CV110676 (the State Court Action). A true and correct copy of the original complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Plaintiffs served the Complaint on FullBeauty on February 18, 2025.

2. This is the second, duplicative putative class action filed by Ms. Broomes against FullBeauty. She and her counsel (the same counsel as represents her here) filed the first, *FullBeauty Brands Operations, LLC*, No. 24-CV-03558-RFL (N.D. Cal., filed June 13, 2024) (*Broomes I*), in federal court, and it is pending before the Honorable Rita F. Lin, who has already resolved a pleadings motion in that action. After Judge Lin dismissed certain of Ms. Broomes's claims, Ms. Broomes represented to Judge Lin in writing and in open court that she would move for leave to amend the complaint to include additional named plaintiffs and expand the scope of the putative class. Rather than filing that motion, Ms. Broomes instead filed this brand new complaint in state court pleading the same allegations on behalf of an expanded putative class, and adding three new named plaintiffs. In filing *Broomes I*, Ms. Broomes invoked the Class Action Fairness Act—the same basis that provides removal jurisdiction for this duplicate and splintered action here. In their pleadings and judicial admissions, Ms. Broomes and her counsel have conceded, and cannot now dispute, that this action is removable under the Class Action Fairness Act.

3. In the Complaint here, Plaintiffs allege that they each purchased products from the following websites they allege are operated by FullBeauty: eloquii.com, womanwithin.com,

FULLBEAUTY'S NOTICE OF REMOVAL — 1

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and roamans.com (the Websites). (Compl. ¶¶ 2, 52, 54, 55, 57, 59, 60, 61, 67, 79.) Each Plaintiff contends that, despite her beliefs that she was purchasing products that were on sale and "being sold at a substantial discount for a limited time," the products were not substantially marked down or discounted. (*E.g.*, *id.* ¶¶ 62–63.) Plaintiffs claim that they would not have purchased the items, or would not have paid as much as they did, had they known that the products were valued at a false reference price. (*E.g.*, *id.* ¶ 65.) Based on these allegations, Plaintiffs contend that FullBeauty has engaged in false, misleading, and deceptive practices. (*See id.* ¶¶ 2, 6, 8.)

4.  Plaintiffs bring claims on behalf of a putative class of California consumers for violations of California's (1) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (2) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*, as well as a claim for (3) unjust enrichment and quasi contract. (Compl. ¶¶ 138–78.) Plaintiffs seek, *inter alia*, "restitution and/or other equitable relief," "all economic, monetary, actual, consequential, and compensatory damages," "nominal, punitive, and statutory damages," "reasonable expenses and attorneys' fees," "pre and post-judgment interest," and "further relief that the Court may deem just and proper." (*Id.* at p. 77.) FullBeauty contends Plaintiffs' claims are meritless.

5.  In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by FullBeauty in the State Court Action or found on the docket in that action are attached hereto:

    a.  The Summons is attached hereto as **Exhibit 2**;
    b.  The Proof of Service is attached hereto as **Exhibit 3**;
    c.  The Civil Case Cover Sheet is attached hereto as **Exhibit 4**;
    d.  A copy of the docket in the State Court Action is attached hereto as **Exhibit 5**; and
    e.  The remaining filings and orders on the docket are attached as **Exhibits 6 through 11.**

6.  The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and the Northern District of California encompasses

FULLBEAUTY'S NOTICE OF REMOVAL

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  the location in which the State Court Action is currently pending (i.e., Alameda County).  *See* 28

2  U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in

3  which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

4  and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a

5  State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court

6  of which the district courts of the United States have original jurisdiction, may be removed by

7  the defendant … to the district court of the United States for the district and division embracing

8  the place where such action is pending."); *id.* § 84(a) (setting Alameda County in the Northern

9  District).  Federal courts also have supplemental jurisdiction over related parties and claims.

**The Action Is Removable Under the Class Action Fairness Act**

11      7.   This Court has original jurisdiction pursuant to the Class Action Fairness Act of

12  2005 (CAFA).  CAFA was enacted based on Congress's concern that "cases involving large

13  sums of money, citizens of many different States, and issues of national concern, have been

14  restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-

15  01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "[f]ederal court consideration of

16  interstate cases of national importance."  28 U.S.C. § 1711, stat. note, subd. (b)(2).

17      8.   "[N]o antiremoval presumption attends cases invoking CAFA, which Congress

18  enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin*

19  *Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20      9.   CAFA extends federal jurisdiction over class actions where: (1) any member of

21  the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity

22  exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the

23  amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies.  *See* 28

24  U.S.C. § 1332(d).  As explained below, each of these requirements is satisfied in this case.

*The Minimal Diversity Requirement Is Satisfied*

26     10.   A putative class action is removable based on diversity jurisdiction if "any

27  member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C.

28  § 1332(d)(2)(A).

3

FULLBEAUTY'S NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

11. Plaintiffs are each citizens of California. (Compl. ¶¶ 9–12). The putative class Plaintiffs seek to represent comprises of "[a]ll persons in California who purchased one or more Eloquii, Woman Within, or Roaman's-branded items from [Fullbeauty]'s Websites, during the Class Period, at a discount from a higher reference price." (*Id.* ¶ 124).

12. FullBeauty is an Indiana limited liability company and is headquartered in New York. (*Id.* ¶ 13.) A limited liability company is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See* 28 U.S.C. § 1332(c)(10). Thus, FullBeauty is a citizen of Indiana and New York for purposes of determining diversity.

13. Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

### *Plaintiffs' Proposed Class Exceeds 100 Members*

14. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

15. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

16. According to Plaintiffs, the number of class members is "in excess of 5,000[.]" (Compl. ¶ 128.)

17. Therefore, the members of Plaintiffs' proposed class exceed 100.

### *The Amount in Controversy Exceeds $5 Million*

18. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

19. For purposes of removal only, and without conceding that Plaintiffs or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated

4
FULLBEAUTY'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Attebery v. US Foods, Inc.*, 2024 WL 863795, at *4 (E.D. Cal. Feb. 28, 2024) ("The amount in controversy is *not* the amount of damages the plaintiff will recover, nor is it 'a prospective assessment of defendant's liability[.]' Rather, it 'is simply an estimate of the total amount in dispute.'") (citations omitted).

20. As alleged above, this action is plaintiff Amanda Broomes and her counsel's second putative class action asserting the same claims and legal theory in her Complaint against FullBeauty, including claims for violation of the UCL and FAL. She and her counsel first filed a putative class action in the Northern District of California against FullBeauty allegedly "to address [FullyBeauty]'s misleading and unlawful pricing, sales, and discounting practices on its website[,] www.Eloquii.com" based on the same purchases as she alleges as the basis of her claims here. *Amanda Broomes v. FullBeauty Brands Operations, LLC*, No. 24-CV-03558-RFL (N.D. Cal., filed June 13, 2024), Second Amended Class Complaint (SAC), Dkt. No. 42 ¶ 2. As in this action, Ms. Broomes included in her putative class all California purchasers of products on the Eloquii website during the statute of limitations period and claimed to seek the purchase price or a price premium as damages or restitution for the class. Based on that putative class alone, Ms. Broomes alleged the amount in controversy exceeds $5,000,000. (*Id.* ¶¶ 2, 9, 66). That allegation was made in a signed pleading, certified by her counsel under Federal Rule of Civil Procedure 11 (the same counsel that represents her in this action), and operates as a judicial admission that she is estopped from denying. Here, Plaintiffs splinter claims to bring a duplicative action, and expand the class to cover California purchases on other FullBeauty websites as well. (Compl. ¶ 2.) Ms. Broomes has thus already alleged that the amount in controversy in this action exceeds $5,000,000.

21. In the Complaint here, Plaintiffs seek "restitution and restitutionary disgorgement of all moneys received by Defendant" through its allegedly "unfair business acts and practices" and "unlawful and deceptive conduct." (Compl. ¶¶ 154, 157, 168, 177, 178.) Each Plaintiff

5
FULLBEAUTY'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   states she "would not have purchased the items at the advertised price, or would not have paid as

2   much as she did, had Defendant been truthful." (*Id.* ¶¶ 65, 77, 87, 107.)  Based on *Broomes v.*

3   *FullBeauty*, No. 24-CV-03558-RFL (N.D. Cal.) and the allegations here, the restitution Plaintiffs

4   seek for sales of "Eloquii, Woman Within, or Roaman's-branded items from Defendant's

5   Websites" in California exceeds $2,000,000.  They have therefore placed in controversy over

6   $2,000,000 in restitution alone.

7       22.    The Complaint also seeks punitive damages.  (*Id.* at p. 17.)  The Court may

8   consider punitive damages, aggregated on a class-wide basis, when conducting the amount-in-

9   controversy calculation.  *See Gibson v. Chrysler Corp*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is

10  well established that punitive damages are part of the amount in controversy.").

11      23.    Juries regularly award punitive damages in cases involving consumer protection

12  claims at ratios higher than 1:1 compared to other damages.  *See, e.g.*, *Greene v. Harley-*

13  *Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (defendant satisfied its burden of establishing

14  the amount in controversy on removal "by citing four cases where juries had awarded punitive

15  damages at ratios higher than 1:1 for claims based on the CLRA.").  Thus, without conceding

16  that Plaintiffs' alleged measure of damages would be the proper measure of relief for any of their

17  claims, or that they or any putative plaintiffs are entitled to any relief, it is reasonably possible

18  that FulllBeauty could be liable for punitive damages exceeding $2,000,000.

19      24.    Similarly, in the Ninth Circuit, attorneys' fees may be included in the amount in

20  controversy.  *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).  "The

21  Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in

22  common fund cases."  *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (9th Cir. 1995);

23  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same); *Schiller v.*

24  *David's Bridal, Inc.*, 2012 WL 2117001, at *16 (E.D. Cal. June 11, 2012) (same).  Thus,

25  attorneys' fees in the amount of 25 percent of the possible common fund should be included in

26  the amount in controversy here.  Because it is reasonably possible that the common fund could

27  amount to at least $4,000,000 (restitution and punitive damages) attorneys' fees would amount to

28  at least $1,000,000.  This comports with numerous class action cases involving California

FULLBEAUTY'S NOTICE OF REMOVAL

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

consumer protection statute causes of action (such as claims under the UCL, FAL, CLRA, and breach of warranties) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 million in attorneys' fees. *See, e.g.*, *Demaria v. Big Lot Stores – PNS, LLC*, 2023 WL 6390151, at *3 (E.D. Cal. Sept. 29, 2023) (amount-in-controversy requirement met using 25% of damages to calculate in excess of $1.8 million in potential attorneys' fees); *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

25. Further, Plaintiffs cannot artificially "splinter" their claims from the earlier-filed *Amanda Broomes v. FullBeauty Brands Operations, LLC*, No. 24-CV-03558-RFL (N.D. Cal., filed June 13, 2024) to avoid CAFA jurisdiction. *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407–09 (6th Cir. 2008).

26. In sum, based on Plaintiffs' pleaded assertions and pleaded theories of recovery and remedies, together with Plaintiff Broomes's assertions in her pending case in the Northern District of California, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

27. The complete diversity between Plaintiffs and FullBeauty not only satisfies the minimal diversity requirements under CAFA but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Plaintiffs would bear the burden of proof in any event.

### **FullBeauty Satisfies the Requirements of 28 U.S.C. § 1446**

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. This Notice of Removal has been filed within 30 days of February 18, 2025, the date Plaintiffs served the Complaint on FullBeauty. *See* 28 U.S.C. § 1446(b)(2)(B).

7

FULLBEAUTY'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

30. Concurrently with the filing of this Notice, FullBeauty is giving written notice to all adverse parties of the filing of this Notice. Additionally, a copy of the Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Alameda. *See* 28 U.S.C. § 1446(d).

31. The removal of this action terminates all proceedings in the Superior Court of the State of California, County of Alameda. *Id.*

32. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FullBeauty's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.

DATED: March 20, 2025

DAVIS WRIGHT TREMAINE LLP

By: _____
Jacob M. Harper

Attorneys for defendant FullBeauty Brands Operations, LLC