1  JACOB M. HARPER (State Bar No. 259463)
      jacobharper@dwt.com
2  HEATHER F. CANNER (State Bar No. 292837)
      heathercanner@dwt.com
3  JOSEPH ELIE-MEYERS (State Bar No. 325183)
      josepheliemeyers@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   350 South Grand Avenue, 27th Floor
5  Los Angeles, California 90017
   Telephone: (213) 633-6800
6  Fax: (213) 633-6899

7  Attorneys for Defendant
   FULLBEAUTY BRANDS OPERATIONS, LLC
8

9
10                IN THE UNITED STATES DISTRICT COURT

11                THE NORTHERN DISTRICT OF CALIFORNIA

12

| 13  AMANDA BROOMES, MARY UHT, BARBARA FITCH, and JESSICA HILLIS, individually and on behalf of all similarly situated persons, | Case No. 3:25-CV-02697-RFL |
|---|---|
| | Assigned to Honorable Rita F. Lin |
| Plaintiffs, | **DEFENDANT FULLBEAUTY BRANDS OPERATIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| FULLBEAUTY BRANDS OPERATIONS, LLC, an Indiana limited liability company, | Date:  June 3, 2025<br>Time:  10:00 a.m.<br>Ctrm.:  15 |
| Defendant. | State Action Filed: February 11, 2025<br>Action Removed:   March 20, 2025 |

21
22
23
24
25
26
27
28

---

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin of the above-titled Court, located at 450 Golden Gate Avenue, Courtroom 15, 15th Floor, San Francisco, California 94102, Defendant FullBeauty Brands Operations, LLC will and hereby does move this Court for an order dismissing the claims filed by Plaintiffs Mary Uht, Barbara Fitch, and Jessica Hillis (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), with prejudice.

Plaintiffs assert three causes of action, purportedly on behalf of a putative California class, for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); and (3) unjust enrichment/quasi-contract.  The Motion is made on the grounds that Plaintiffs Mary Uht, Barbara Fitch, and Jessica Hillis's claims fail because they have not plausibly alleged the reference prices listed on the WomanWithin.com or Roamans.com websites are misleading under either Federal Rule of Civil Procedure 8(a) or 9(b).  They thus fail to state a claim upon which relief can be granted for any of their claims, and FullBeauty Brands Operations, LLC respectfully requests that these claims be dismissed with prejudice.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and any other evidence or argument which the Court may consider.

DATED: April 21, 2025

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER
JOSEPH ELIE-MEYERS

By: /s/ *Jacob M. Harper*
      Jacob M. Harper

Attorneys for Defendant
FULLBEAUTY BRANDS OPERATIONS, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND AND FACTUAL ALLEGATIONS ........................................... 2

    A. Plaintiffs' Earlier-Filed Federal Class Action Complaints. ........................ 2

    B. Ms. Broomes, Joining Her Claims with the Other Plaintiffs, File Their Second Lawsuits in State Court, Initiating this Case. ................................ 3

    C. Plaintiffs' Factual Allegations. .................................................................... 4

        1. Mary Uht ......................................................................................... 4

        2. Barbara Fitch .................................................................................. 4

        3. Jessica Hillis ................................................................................... 5

        4. Amanda Broomes ........................................................................... 5

        5. Plaintiffs' Putative Class and Claims ............................................. 6

III. LEGAL STANDARDS ........................................................................................... 6

IV. FAILURE TO MEET PLEADING REQUIREMENTS OF "EXCLUSIVE" OR "NON-EXCLUSIVE" PRODUCTS CASES COMPELS DISMISSAL. ............... 7

    A. The Ninth Circuit's Standards for Exclusive and Non-Exclusive Cases. ... 8

    B. The Complaint Does Not Allege an Exclusive Products Claim .................. 8

    C. The Complaint Fails To Satisfy the Non-Exclusive Products Theory. ...... 10

V. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE. ................ 12

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

i

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 6

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ................................................................................................... 6

*Branca v. Nordstrom, Inc.*,
    2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) ............................................................................ 8

*Broomes et al. v. FullBeauty Brands Operations, LLC*,
    No. 3:25-cv-02697-RFL (*Broomes II*), Dkt. 1-1 .................................................................. 1, 2

*Broomes v. FullBeauty Brands Operations, LLC*,
    No. 4:24-cv-03558-RFL (*Broomes I*) ....................................................................................... 1

*Carvalho v. HP, Inc.*,
    2022 WL 2290595 (N.D. Cal. June 24, 2022) ........................................................... 8, 10, 11, 12

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ................................................................................................ 6, 7

*Evans v. Ariz. Cardinals Football Club, LLC*,
    231 F. Supp. 3d 342 (N.D. Cal. 2017), *aff'd,* 761 F. App'x. 701 (9th Cir. 2019) ................... 13

*Fisher v. Eddie Bauer LLC*,
    2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) .......................................................................... 12

*Haley v. Macy's, Inc.*,
    263 F. Supp. 3d 819 (N.D. Cal. 2017) ............................................................................*passim*

*Knapp v. Art.com, Inc.*,
    2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016) .............................................................. 12

*Mary Uht et al. v. FullBeauty Brands Ops., LLC*,
    No 2:24-cv-09067 (C.D. Cal., voluntarily dismissed Nov. 21, 2024) ...................................... 3

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ................................................................................................... 6, 7

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ...................................................................................... 7

*Purcelley v. Ekster Inc.*,
    2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) ..................................................................*passim*

ii

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Salameh v. Tarsadia Hotel*,
    726 F. 3d 1124 (9th Cir. 2013) .............................................................................................. 7

*Sperling v. DSW Inc.*,
    2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ...................................................... 7, 8, 10, 11

*Sperling v. DSW Inc.*,
    2016 WL 354319 (C.D. Cal. Jan. 28, 2016) .......................................................................... 12

*Sperling v. Stein Mart, Inc.*,
    291 F. Supp. 3d 1076 (C.D. Cal. 2018) .......................................................................*passim*

*Uht. v. FullBeauty Brands Operations, LLC*,
    Case No. 2:24-cv-09067-PA (C.D. Cal.) ............................................................................... 13

*Vizcarra v. Michaels Stores, Inc.*,
    710 F. Supp. 3d 718 (N.D. Cal. 2024) .................................................................................. 12

**Statutes**

California Business & Professions Code
    § 17200 ............................................................................................................................*passim*
    § 17500 ............................................................................................................................*passim*

**Rules**

Federal Rule of Civil Procedure
    9(b) ............................................................................................................................... 7, 9, 12
    15 ............................................................................................................................................ 3

iii

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### I. INTRODUCTION

Plaintiff Amanda Broomes is once again before this Court with claims identical to those of her previously-filed action pending before this Court (*Broomes v. FullBeauty Brands Operations, LLC,* No. 4:24-cv-03558-RFL (*Broomes I*)), though she is now joined by Plaintiffs Mary Uht, Barbara Fitch, and Jessica Hillis.  After the Court ordered Ms. Broomes to move for leave to join these new Plaintiffs to her claims in *Broomes I*, Ms. Broomes instead joined their claims to hers in a new, parallel state court action (despite the new Plaintiffs having previously filed their own claims in federal court), on behalf of an overlapping and expanded putative class.  But the newly added claims of Plaintiffs Uht, Fitch, and Hillis—which, like Ms. Broomes's claims, assert that they purchased products from defendant FullBeauty Operations, LLC (FullBeauty)'s websites based on deceptive pricing—are internally contradictory and inadequate as a matter of law. Plaintiffs Uht, Fitch, and Hillis's failed claims should be dismissed, with prejudice.

These new Plaintiffs base their claims on a handful of alleged purchases from two of FullBeauty's websites, none of which are adequate to state a claim:  (1) Ms. Uht alleges she visited Defendant's WomanWithin.com website once, in 2023, making only one purchase, *see Broomes et al. v. FullBeauty Brands Operations, LLC*, No. 3:25-cv-02697-RFL (*Broomes II*), Dkt. 1-1 (Compl.) ¶ 67; (2) Ms. Fitch alleges she visited Defendant's Roamans.com website once, in 2023, making only one purchase, *see id.* ¶ 79; and (3) Ms. Hillis alleges she visited Defendant's WomanWithin.com website twice, once in 2023 and 2024, making only two purchases, *see id.* ¶¶ 89, 97.

But Plaintiffs fail to provide the additional facts necessary to plead that FullBeauty's pricing was deceptive, under either of the two theories available for such claims:  exclusive products or non-exclusive products.  First, Plaintiffs fail to plead the products they purchased were exclusively sold on FullBeauty's Woman Within or Roaman's websites, as required to invoke the exclusive products standard.  Yet Plaintiffs apparently tailored all their allegations solely to the exclusive products theory by alleging facts regarding historical pricing on FullBeauty's websites, aimed at satisfying this inapplicable standard.  Because Plaintiffs fail to allege the threshold allegations to invoke this standard however, their claims fail under the exclusive products

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

1

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  standard.  Second, their claims also fail under the non-exclusive products standard, which applies
2  where the purchased products are sold both by defendant and other retailers; in that case, because
3  market pricing exists, Plaintiffs were required to allege, based on the prices other retailers offer as
4  to their purchased products, that FullBeauty's strikethrough pricing did not represent the
5  prevailing market price.  But Plaintiffs failed to allege other retailers' pricing for the products they
6  purchased from the Roaman's and Woman Within websites (or for virtually any other products on
7  those websites).  Plaintiffs' claims thus also fail under the non-exclusive standard.  As Plaintiffs
8  failed to allege the plausible or particularized facts required to state their deceptive pricing theory
9  upon which they rest all their claims, all their claims should be dismissed.

10  Plaintiffs Uht, Hillis, and Fitch originally filed a complaint asserting their claims six
11  months ago (which they dismissed without serving).  Despite having ample time to further develop
12  their allegations since, and the benefit of this Court's ruling in Ms. Broomes's original action,
13  their pleadings still fall short.  Plaintiffs have not and cannot state their claims.  The Court should
14  therefore dismiss Plaintiffs Uht, Hillis, and Fitch's claims without leave to amend.

15  **II.     BACKGROUND AND FACTUAL ALLEGATIONS**

16  **A.     Plaintiffs' Earlier-Filed Federal Class Action Complaints.**

17  Plaintiff Amanda Broomes first filed a federal complaint against Defendant FullBeauty
18  Brands Operations, LLC (FullBeauty) on June 13, 2024, an action that remains pending before this
19  Court.  *See generally Broomes I.*  Ms. Broomes filed a first amended complaint on October 4,
20  2024, *see id.*, Dkt. 21 (FAC), which Defendant moved to dismiss on November 1, 2024, *see id.*,
21  Dkt. 32.

22  On January 31, 2025, this Court partially granted Defendant's motion to dismiss the FAC.
23  *See id.*, Dkt. 41 (the MTD Order).  The Court dismissed Ms. Broomes's claims for equitable relief,
24  finding Ms. Broomes "fail[ed] to plead in a non-conclusory fashion that she lack[ed] an adequate
25  legal remedy with respect to her restitutionary theories."  MTD Order at 5–6.  The Court therefore
26  dismissed Ms. Broomes's unjust enrichment claim and her claims for restitution under the UCL,
27  FAL, and CLRA, without prejudice to Ms. Broomes filing the claims in state court.  *Id.* at 5–6
28  (citations to FAC omitted).  Ms. Broomes's claims for injunctive relief under the UCL and FAL

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  and claim for damages under the CLRA remain pending in that action.  *See id.*  The Court also

2  held that "[w]hile FullBeauty Brands argument may bear fruit at a later stage, at this stage,"

3  including "view[ing] [the allegations] in the light most favorable to Broomes," "Broomes has

4  adequately pled that she was subjected to a deceptive pricing scheme."  *Id.* at 3.

5        The Court granted leave to amend, and ordered Ms. Broomes to correct any deficiencies

6  set forth in the MTD Order by February 21, 2025.  *Id.* at 7.  The Court added, "[i]f Broomes does

7  not file a second amended complaint by the deadline, the claims that were dismissed with leave to

8  amend will remain dismissed, and the case will proceed on the remaining claims."  *Id.*

9        The Court further ordered, "Broomes may not add new causes of action or parties without

10  leave of Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15."  *Id.* at

11  7.  Ms. Broomes represented to the Court that she and her counsel "will seek leave to amend the

12  SAC and join additional named plaintiffs who purchased non-Eloquii-branded products from

13  Defendant subject to similar allegedly deceptive reference pricing."  *Broomes I*, Dkt. 44 at 3–4.

14        The new plaintiffs Ms. Broomes intended to join in her first case—Mary Uht, Barbara

15  Fitch, and Jessica Hillis—had previously filed, and then quickly dismissed, a putative class action

16  complaint against FullBeauty in October 2024 in the Central District of California, for which they

17  were assigned Judge Percy Anderson.  *Mary Uht et al. v. FullBeauty Brands Ops., LLC*, No 2:24-

18  cv-09067 (C.D. Cal., voluntarily dismissed Nov. 21, 2024)).  They alleged the same deceptive

19  pricing theory against FullBeauty as alleged here, based on the Eloquii.com website in addition to

20  FullBeauty's other websites, and on behalf of a California class of consumers.  *Id.*, Dkt. 1.  They

21  asserted claims for violation of the CLRA, UCL, and FAL, seeking damages, restitution, an

22  injunction, and attorneys' fees.  *Id.*, Dkt. 1.  The plaintiffs never served process on FullBeauty and

23  voluntarily dismissed the case one month after filing.  *Id.*, Dkt. 12.

24        **B.**    **Ms. Broomes, Joining Her Claims with the Other Plaintiffs, File Their Second**

25                **Lawsuits in State Court, Initiating this Case.**

26        Ms. Broomes did not seek leave of this Court to join the new plaintiffs or their claims with

27  her own in *Broomes I*.  Instead, Ms. Broomes joined the new Plaintiffs—Plaintiffs Uht, Fitch, and

28  Hillis—and expanded their claims in a single putative class action complaint filed in the Superior

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

3

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  Court for the County of Alameda against FullBeauty.  *See generally* Compl.  Their Complaint
2  repeats the same allegations against FullBeauty, asserting the same deceptive pricing theory and
3  claims, but now on behalf of an expanded putative class, and against additional products and
4  websites operated by FullBeauty.

5  FullBeauty timely removed to the Northern District of California on March 20, 2025, and
6  this case was assigned to Judge Vincent Chhabria.  Plaintiffs subsequently sought to relate
7  *Broomes I* to this action.  *See Broomes I*, Dkt. 50.  Defendant did not oppose.  *See Broomes I*, Dkt.
8  51.  The Court granted Plaintiffs' administrative motion to relate the cases, *Broomes I*, Dkt. 52,
9  and related the cases in front of this Court.  Plaintiffs filed a motion to remand in this action on
10 April 11, 2025, and FullBeauty's opposition is due on April 25, 2025.  Dkt. 14.

11 **C.     Plaintiffs' Factual Allegations.**

12 Plaintiffs each contend they purchased products from a FullBeauty website based on
13 allegedly deceptive pricing.  *E.g.,* Compl. ¶¶ 146–48.

14 **1.     Mary Uht**

15 Plaintiff Mary Uht alleges that on August 12, 2023, she purchased a pair of The Skyla Slip
16 On Sneakers from the WomanWithin.com website; at the time, the website listed "a reference to a
17 former or regular price of $99.99 - $109.99 per unit in strikethrough text, and an adjacent sale
18 price of $39.99."  Compl. ¶¶ 67–68.  She further alleges the sale price of the item varied three
19 times prior to August 2023, and on September 11, 2024, the item was on sale for $18.97.  *See id.*
20 ¶¶ 70–72.  Ms. Uht claims she would not have purchased this item at the advertised price had the
21 WomanWithin.com website "been truthful," and that she was "persuaded to make her purchases
22 [sic] because of the misleading sale based on false reference prices."  *Id.* ¶ 77.

23 **2.     Barbara Fitch**

24 Plaintiff Barbara Fitch alleges that on December 25, 2023, she purchased a pair of Straight-
25 Leg Jeans with Invisible Stretch from the Roamans.com website.  *See id.* ¶ 79.  The item was
26 listed with "a reference to a former or regular price of $82.99 - $86.99 per unit in strikethrough
27 text, and an adjacent sale price of $14.98."  *Id.* ¶ 80.  The sale price of the item varied twice prior
28 to December 2023.  *See id.* ¶¶ 80–81.  Ms. Fitch claims she would not have purchased this item at

4

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the advertised price had the Roamans.com website "been truthful," and that she was "persuaded to make her purchases [sic] because of the misleading sale based on false reference prices." *Id.* ¶ 87.

### 3. Jessica Hillis

Plaintiff Jessica Hillis alleges that on August 20, 2023, she "purchased three (3) Perfect Scoopneck Tanks from [the] Woman Within website." *Id.* ¶ 89. She alleges the items were listed as "on sale for $9.99, with a regular or former price of $18.99 in strikethrough text." *Id.* ¶ 90. She further asserts the items were listed with a price of $9.99, with a reference price of $16.99 in strikethrough text, one time prior to Ms. Hillis's August 2023 purchase, as "on sale at $10.99 with a strikethrough reference price of $15.99" on September 10, 2024, and "at a discount on womanwithin.com, with the same $15.99 false strikethrough reference price" on February 1, 2025. *Id.* ¶¶ 92–94.

Ms. Hillis also alleges that on March 23, 2024, she purchased a Perfect Short-Sleeve Scoop-Neck Henley Tunic. *See id.* ¶ 97. Ms. Hillis claims that she saw "a former or regular price (the reference price) of $20.99 and a discount price of $9.45," that the product was previously listed as "for sale at a price of $13.99, with a reference price of $19.99 - $24.99 on August 3, 2023," that "as of July 5, 2024," the product was listed "as having a reference price of $20.99, with a sale price of $15.99," that on September 10, 2024, the product was still listed for sale at a price of $15.99, with a reference price of $20.99 - $25.99, and that as of February 1, 2025, the product was listed for sale for $11.54, with a reference price of $20.99 - $25.99. *Id.* ¶¶ 97, 99–102.

Ms. Hillis claims she would not have purchased the items at the advertised price had the WomanWithin.com website "been truthful," and that she was "persuaded to make her purchases because of the misleading sale based on false reference prices." *Id.* ¶ 107.

### 4. Amanda Broomes

Ms. Broomes's allegations here are substantially similar, if not functionally identical, to those in *Broomes I*. She brings claims here based on the same purchases from the Eloquii.com website as she brings her fraud, negligent misrepresentation, UCL, FAL, and CLRA claims in *Broomes I*; there, she asserts claims for damages (via her fraud, negligent misrerpresentation, and

5

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  CLRA claims) and for injunctive relief (via her UCL, FAL, and CLRA claims), while here, she
2  asserts claims for restitution under the UCL, FAL, and CLRA. Compare *Broomes I*, FAC ¶¶ 1–7,
3  12–94, 96, 98–108, 132–141 *with* Compl. ¶¶ 1–2, 5–9, 17, 19–21, 23–30, 43–46, 48–66, 109–178;
4  *Broomes I,* MTD Order at 6–7.  As there, she alleges here that she purchased the products based
5  on deceptive pricing.  *E.g.*, Compl. ¶¶ 62, 65.

### 5.  Plaintiffs' Putative Class and Claims

Based on the foregoing, all Plaintiffs assert three causes of action, purportedly on behalf of a putative California class, for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), *id.* ¶¶ 138–157; (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), *id.* ¶¶ 158–168; and (3) unjust enrichment/quasi-contract, *id.* ¶¶ 169–178.  Plaintiffs seek restitution, including disgorgement, economic, monetary, actual, consequential, compensatory, nominal, punitive, and statutory damages, and attorneys' fees and expenses.  Compl. at Prayer.

FullBeauty now moves to dismiss Plaintiffs Uht, Hillis, and Fitch's claims with prejudice.

## III.  LEGAL STANDARDS

***Plausibility.***  To survive a motion to dismiss, "the plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true "bare assertions" or conclusions of law.  *Id.* at 680–81.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility." *Id.* (citation omitted).  For consumer mislabeling claims, as here, a plaintiff must allege facts demonstrating a "plausible" claim that the label is false or misleading under the reasonable consumer test to survive a motion to dismiss.  *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal for failure to plausibly allege consumer deception); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 885–86 (9th Cir. 2021) (same).

***The Reasonable Consumer Test.***  All of Plaintiffs' claims must satisfy the "reasonable consumer test," which requires them to allege facts showing consumers "are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation omitted) (applying to

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  CLRA, UCL, and FAL claims); *Sperling v. DSW Inc.*, 2015 WL 13309476, at *8 (C.D. Cal. Nov.
2  19, 2015) ("*DSW*").  "This is not a negligible burden."  *Moore*, 4 F.4th at 882.  A plaintiff must
3  plead "more than a mere possibility that [the] label might conceivably be misunderstood by some
4  few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965.  "[W]here a Court
5  can conclude as a matter of law that members of the public are not likely to be deceived . . .
6  dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013)
7  (citation omitted).

8       ***Rule 9(b).***  Deceptive pricing scheme allegations sound in fraud, and Rule 9(b)'s
9  heightened pleading standard applies.  *See Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *4 (C.D.
10 Cal. Apr. 4, 2024).  Thus, the "complaint must 'identify the who, what, when where, and how of
11 the misconduct charged, as well as what is false or misleading about the purportedly fraudulent
12 statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013)
13 (citation omitted).  "[A]llegations of fraud based on 'information and belief' do not satisfy the
14 particularity requirements of Rule 9(b)," and "[e]ven where 'matters [are] peculiarly within the
15 opposing party's knowledge,' plaintiffs still must 'state the facts upon which the[ir] belief is
16 founded." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017) (citations omitted)
17 (second and third modifications in original).

18       Plaintiffs' vague and conclusory allegations fail to meet these standards.

19 **IV.   FAILURE TO MEET PLEADING REQUIREMENTS OF "EXCLUSIVE" OR**
20 **"NON-EXCLUSIVE" PRODUCTS CASES COMPELS DISMISSAL.**

21       Plaintiffs Uht, Fitch, and Hillis's claims fail because they were required to allege deceptive
22 pricing under either the exclusive or non-exclusive products standards, but they fail to satisfy
23 either.  They do not allege that FullBeauty is the exclusive retailer of the products they purchased
24 on the WomanWithin.com and Roamans.com websites as required to invoke the exclusive
25 products standard, nor do they allege that the prices on WomanWithin.com and Roamans.com do
26 not accurately reflect prevailing market prices, as required to state a claim under the non-exclusive
27 products standard.  Plaintiffs Uht, Fitch, and Hillis thus fail to state their deceptive pricing claims,
28 and the Court should dismiss all three Plaintiffs' claims.

7

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**A.     The Ninth Circuit's Standards for Exclusive and Non-Exclusive Cases.**

Ninth Circuit courts generally distinguish between "exclusive" and "non-exclusive" products cases. *See Carvalho v. HP, Inc.*, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (citing *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018)).  Exclusive cases require allegations that defendant is the exclusive retailer of a product and that the advertised reference price does not reflect a former price at which the exclusive defendant-retailer ever sold the product. *See id.*; *see also Purcelley*, 2024 WL 2107710, at *4.

In contrast, non-exclusive cases are those where multiple retailers offer the product for sale, requiring plaintiff to allege facts showing how defendant's reference prices "are inflated or why they do not accurately reflect prevailing market prices." *Purcelley*, 2024 WL 2107710, at *4 (quoting *DSW*, 2015 WL 13309476, at *9).  Indeed, where a complaint does not adequately allege the defendant was an "exclusive retailer," then it is "only *possible* that the Reference Price is misleading" because "[t]he other possibility, of course, is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods." *Id.* at *5 (emphasis in original).  Thus, a plaintiff must allege facts showing the reference price is inaccurate to state her claim. *Id.*

Here, the Complaint does not allege an exclusive products case against WomanWithin.com or Roamans.com, nor does it adequately allege a non-exclusive claim in that the reference prices do not reflect prevailing market prices.  Plaintiffs' claims based on purchases from these websites—all of Plaintiffs Uht, Hillis, and Fitch's claims—should therefore be dismissed.

**B.     The Complaint Does Not Allege an Exclusive Products Claim.**

As an initial matter, Plaintiffs Uht, Fitch, and Hillis fail to allege that *any* of the products they purchased were exclusively sold on the WomanWithin.com or Roamans.com websites. These plaintiffs are unable to adequately plead an exclusive products claim because nowhere do they allege that their purchased items were sold exclusively on Defendant's websites or that "the good[s] w[ere] never sold elsewhere at the reference price[s]." *Id.* at *4 (citing, *inter alia*, *Branca v. Nordstrom, Inc.*, 2015 WL 10436858, at *7–8 (S.D. Cal. Oct. 9, 2015); *see also Stein Mart*, 291 F. Supp. 3d at 1084.

8

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   The Complaint's only attempt to plead an exclusive products claim are the conclusory and inadequate allegations that "Defendant's Products are <u>most commonly</u> sold through Defendant's website [sic]" and "all of the sponsored hits" for Google searches of "Woman Within clothing" and "Roaman's clothing" direct to the WomanWithin.com or Roamans.com websites, respectively.  Compl. ¶ 49 (emphasis added).  That is not enough:  "Most commonly" is not equivalent to "exclusively."  And the Complaint provides zero factual allegations to support the claim that "Defendant's Products are most commonly sold through Defendant's website" besides Plaintiffs' "information and belief."  *Id.*  Plaintiffs' allegations are inadequate.  *See Haley*, 263 F. Supp. 3d at 824 ("Even where 'matters [are] peculiarly within the opposing party's knowledge,' plaintiffs still must 'state the facts upon which the[ir] belief is founded;" "allegations of fraud based on 'information and belief' do not satisfy the particularity requirements of Rule 9(b)" (modifications in original) (citation omitted)).

The Complaint's conclusory and factually-bare allegations are a far cry from the specific allegation required by Ninth Circuit caw law:  that Defendant is "the ***exclusive*** retailer of the good," not simply the "most common" retailer.  *Purcelly*, 2024 WL 2107710, at *4 (citing *Stein Mart*, 291 F. Supp. 3d at 1084) (emphasis added).  The Complaint makes no attempt to set forth how these disparate allegations could support the conclusion that FullBeauty is the *exclusive* retailer of its goods.  Nor does it explain how Google search results for website names in any way shows that the specific products they purchased were not sold on any other websites—because it does not.  Compl. ¶ 49.  Simply put, to invoke the exclusive products standard, Plaintiffs were required to allege the products they purchased were exclusively sold on FullBeauty's websites—and they did not.

Plaintiffs' allegations in fact directly *contradict* an exclusive products theory.  Rather than exclusivity, the Complaint alleges that FullBeauty's products *are* sold by other retailers, necessarily negating an exclusive products claim, as there is no way for FullBeauty to simultaneously be the exclusive retailer of its products and also sell them through other retailers.  The Complaint alleges a product sold on the WomanWithin.com website (a product no Plaintiff alleges she purchased) appeared on the websites of three other retailers, *see* Compl. ¶ 47, and

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

9

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  further implies that products sold on the WomanWithin.com and Roamans.com websites are sold
2  on other websites.  *See id.* ¶ 48.

3  Because the Complaint fails to adequately allege that FullBeauty is the exclusive retailer of
4  goods sold on the WomanWithin.com and Roamans.com websites, allegations concerning any
5  former price of the goods sold on either of these websites need not be examined (all of which
6  appear to be pleaded with the intent of satisfying the exclusive products standard).  *See Purcelley*,
7  2024 WL 2107710, at *4 (exclusive product claim requires **both** allegations that defendant is
8  exclusive retailer **and** that advertised price is fictious).  Lacking the allegations needed to make
9  out an exclusive products claim, and indeed specifically including allegations that defeat such a
10 theory, Plaintiffs Uht, Fitch, and Hillis must therefore state a claim under a non-exclusive products
11 theory – but, as discussed below, the Complaint again falls short.

12 **C.     The Complaint Fails To Satisfy the Non-Exclusive Products Theory.**

13 The Complaint also fails to state any claim under the "non-exclusive" products theory.  In
14 non-exclusive products cases, "[b]ecause other retailers offer the same product for sale, there are
15 legitimate prices to which to compare the defendant's comparative reference price," and
16 accordingly "courts tend to reject claims unless the plaintiff establishes that the comparative
17 reference price is misleading."  *Stein Mart*, 291 F. Supp. 3d at 1084 (citing *DSW*, 2015 WL
18 13309476, at *8–*9 (dismissing where plaintiff did not provide allegations about comparative
19 market prices)); *Haley*, 263 F. Supp. 3d at 824 (dismissing for failure to provide factual support
20 that claims prices were false or misleading).  Plaintiffs thus must allege specific facts
21 demonstrating that the challenged reference prices "do not represent the prevailing market prices
22 for [FullBeauty]'s products."  *DSW*, 2015 WL 13309476, at *8; *see also Carvalho, Inc.*, 2022 WL
23 2290595, at *4 (dismissing where complaint did not allege "why" the strikethrough prices "do not
24 accurately reflect prevailing market prices" (quoting *Stein Mart*, 291 F. Supp. 3d at 1084)).

25 The Complaint here does not meet this requirement as to Plaintiffs Uht, Fitch, and Hillis's
26 purchases, which were all on the WomanWithin.com and Roamans.com websites.

27 Plaintiffs fail to allege any plausible or particularized facts to demonstrate that the
28 reference prices shown on the WomanWithin.com or Roamans.com websites did not represent

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

10

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

prevailing market prices. The Complaint instead relies entirely on unsupported, unspecific, and conclusory allegations that generalize WomanWithin.com and Roamans.com without providing any particularized details about either website. For example, the Complaint alleges, without factual support, that the "reference prices advertised on the Websites are not the prevailing market prices of the products," that FullBeauty does not "independently verify that the reference prices are the prevailing market prices," and that FullBeauty is involved in setting the prices for its items on the websites for other retailers (though there are no examples provided that relate to either of WomanWithin.com or Roamans.com). Compl. ¶¶ 43, 48, 50, 51. But the Complaint does not include a single *factual* allegation to support these conclusory allegations, or to otherwise show that the reference prices for the purchased products did not represent market price, leaving a near-complete dearth of support for any non-exclusive products claim. These vague generalities, unsupported by the necessary factual allegations, *see Haley*, 263 F. Supp. 3d at 824, should be disregarded. *See Stein Mart*, 291 F. Supp. 3d at 1084; *see also DSW*, 2015 WL 103309476, at *8 (complaint must allege why challenged reference prices "do not represent the prevailing market prices for Defendant's products").

Indeed, the Complaint lacks the requisite allegations demonstrating that, based on the prices *other retailers* offered for Plaintiffs' purchased products, the reference prices do not represent prevailing market prices. Instead, Plaintiffs (apparently because they were aiming only to satisfy the *exclusive* products standard) appear to cite almost exclusively to pricing on the WomanWithin.com and Roamans.com websites themselves. But as another district court in the Northern District explained in *Carvalho*:

> While those allegations may suffice at the motion to dismiss stage for an *exclusive* products case, they do not suffice for a *non-exclusive* products case. Plaintiffs' arguments regarding the thoroughness of their allegations of [defendant's website] pricing history for several products are thus unresponsive to this issue . . . The justification for requiring allegations of product pricing *at other retailers* extends to any non-exclusive products, notwithstanding the label that a retailer uses on its site to advertise the strikethrough or comparison price.

2022 WL 2290595, at *4 (emphasis added). Thus, allegations of the Roaman's and Woman

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

11

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  Within websites' *own pricing* cannot establish—as Plaintiffs must—that the "strikethrough prices
2  displayed on [defendant's] website are 'inflated' or . . . 'do not accurately reflect prevailing market
3  prices." *Id.* (quoting *Stein Mart*, 291 F. Supp. 3d at 1084).

Plaintiff was thus "requir[ed]," but failed, to allege "product pricing" of the purchased products "at other retailers." *Id.*; *see also Sperling v. DSW Inc.*, 2016 WL 354319, at *7 (C.D. Cal. Jan. 28, 2016) (dismissing claims where plaintiff failed to allege defendant's comparative reference prices were deceptive and provided "no details at all" regarding her investigation); *Purcelley*, 2024 WL 2107710, at *5 (dismissing where plaintiff did not allege a "reasonable investigation" of third-party sellers showed the reference price is misleading); *Fisher v. Eddie Bauer LLC*, 2019 WL 9467922, at *5–*6 (S.D. Cal. Oct. 18, 2019) (same).[1]  As to Plaintiff Fitch's purchase on the Roaman's website, she fails to include *any* allegations at all regarding the pricing offered by other retailers for her purchased product or any other Roaman's product.  For Plaintiff Uht and Hillis's purchases on Woman Within, the Complaint contains a single allegation about the pricing three retailers offered for a Roaman's product *that neither plaintiff purchased*.  Compl. ¶ 47.  Plaintiffs' allegations thus fall short.  And "the thoroughness of [Plaintiffs'] allegations of [WomanWithin.com and Roamans.com]'s pricing history for several products" cannot save their claims.  *Carvalho*, 2022 WL 2290595, at *4.

As Plaintiffs do not "plausibly allege that the purported former price was not the actual prevailing market price," *Vizcarra*, 710 F. Supp. 3d at 727 n.3; *cf. Haley*, 263 F. Supp. 3d at 824 (a plaintiff must provide more than "unsupported allegations of belief" "that Defendants did not sell their products at the original or regular price"), their claims all fail.

## V.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiffs Uht, Fitch, and Hillis's claims against the WomanWithin.com and Roamans.com

---

[1] While some courts have reached a different outcome, they have done so only after drawing improper inferences in plaintiff's favor or disregarding Rule 9(b)'s heightened pleading standard.  *See Vizcarra*, 710 F. Supp. 3d 718, 727 (N.D. Cal. 2024) ("infer[ring]" that defendant would "not continually sell products for prices at least 20% less than the market rates at which those products are offered elsewhere"); *Knapp v. Art.com, Inc.*, 2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016) (holding that plaintiff was not required to identify prices charged by other retailers where *defendant* provided no basis for inference that it sold its products at significant discount from market prices).

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

12

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

websites should be dismissed without leave to amend.  Plaintiffs are unable to allege an exclusive products claim because they allege these websites are not the exclusive sellers of the products at issue, *see* Compl. ¶ 47, and further Plaintiffs have had ample time to investigate their non-exclusive products claims and failed to do so – particularly given that Plaintiffs Uht, Fitch, and Hillis already filed and voluntarily dismissed their own federal lawsuit nearly a full year ago, *see Uht. v. FullBeauty Brands Operations, LLC*, Case No. 2:24-cv-09067-PA (C.D. Cal.).  Ms. Uht alleges to have visited the WomanWithin.com website only once, in 2023, *see generally* Compl. ¶¶ 67 (allegation of Ms. Uht's visit), 68–78 (no further allegations regarding any visits), Ms. Fitch alleges to have visited the Roamans.com website also only once, in 2023, *see generally id.* ¶¶ 79 (allegation of Ms. Fitch's visit), 80–88 (no further allegations regarding any visits), and Ms. Hillis alleges to have visited the WomanWithin.com website only twice, once in each in 2023 and 2024, *see generally id.* ¶¶ 89 (Ms. Hillis's 2023 visit), 90–96 (no further allegations regarding visits in 2023), 97 (2024 visit), 98–108 (no further allegations regarding any visits).  Despite their ample time to investigate, Plaintiffs provide no indication of comparative market pricing that would indicate their non-exclusive product claims would be viable, and the single allegation concerning market pricing on either of these websites substantiates that the reference price was, in fact, accurate. *See id.* ¶ 47.  Further amendment is therefore futile, and the Court should deny leave to amend.  *See Evans v. Ariz. Cardinals Football Club, LLC*, 231 F. Supp. 3d 342, 357 (N.D. Cal. 2017), *aff'd,* 761 F. App'x. 701 (9th Cir. 2019) (denying leave to amend as futile where plaintiff "already had ample opportunity to investigate and plead a timely claim").

FullBeauty thus respectfully requests the Court dismiss Plaintiffs Uht, Hillis, and Fitch's claims without leave to amend.

DATED: April 21, 2025                                    DAVIS WRIGHT TREMAINE LLP

                                                         By:  */s/ Jacob M. Harper*

                                                         Attorneys for Defendant FullBeauty Brands Operations, LLC

DEFENDANT'S MOTION TO DISMISS
Case No. 3:25-CV-02697-RFL

13

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899